■   In the Matter of the Claim of ROBERT S. MATIN, Respondent, against PULLMAN COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer from a decision and award of the Workmen's Compensation Board for 14 days' lost time accrued over a period of 8 months. Claimant lost one full day in each of 14 weeks as the result of a compensable accident which occurred some years before, after which his wage rate so increased that for each of the 14 weeks in which he lost time his wages were in excess of those which he received for a full week's work at the time of the accident. Appellant contends that the award was contrary to the provisions of the Workmen's Compensation Law (§ 15, subd. 6, par. [a]), providing, among other things, that "In no event shall compensation when combined with decreased earnings or earning capacity exceed the amount of wages which the employee was receiving at the time the injury occurred." Appellant urges, further, that the rate of compensation should have been fixed, as for permanent partial disability, pursuant to paragraph v of subdivision 3 of section 15, at two thirds of the difference between claimant's average weekly wages at the time of the accident and his "wage-earning capacity" at the times of his absences, which in this case would, of course, have resulted in no award. This is not a case of decreased earnings or earning capacity due to partial disability within the contemplation of the statute, so as to require the application of the formulae which appellant cites. Here the board did not find reduced earnings but properly awarded for total disability existing on each of the days

claimant was unable to work. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Halpern and Gibson, J J., concur.